Vacated by Supreme Court, April 18, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

——————————

**No. 03-4645**

——————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD LYNN FIELDS,

Defendant - Appellant.

——————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Andre M. Davis, District Judge.  (CR-02-356-AMD)

——————————

Submitted:  August 25, 2004      Decided:  September 15, 2004

——————————

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

——————————

Affirmed by unpublished per curiam opinion.

——————————

Harold I. Glaser, GLASER & SOLOMON, Baltimore, Maryland, for Appellant.  Thomas M. DiBiagio, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

——————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Donald Lynn Fields appeals his conviction and sentence for being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g) (2000).  We affirm.

Fields asserts the district court erred when it denied his motion to suppress statements he made on two occasions.  We review the denial of a motion to suppress evidence de novo, viewing the evidence in the light most favorable to the Government, and reviewing the district court's findings of fact for clear error.  United States v. Hamlin, 319 F.3d 666, 671 (4th Cir. 2003).

For an incriminating statement by a defendant obtained as the result of a custodial interrogation to be admissible in court, the defendant must have been given Miranda warnings prior to making the statement.  Dickerson v. United States, 530 U.S. 428, 431-33 (2000); Miranda v. Arizona, 384 U.S. 436 (1966).  A defendant may waive his constitutional rights to remain silent and to have counsel if he does so "voluntarily, knowingly and intelligently." Miranda, 384 U.S. at 444.  This inquiry requires two distinct prongs: first, that relinquishment of the right was voluntary, and second, that "'the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'"  United States v. Cristobal, 293 F.3d 134, 139-40 (4th Cir. 2002) (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)).

"A statement is involuntary under the Fifth Amendment only if it is 'involuntary' within the meaning of the Due Process Clause." United States v. Braxton, 112 F.3d 777, 780 (4th Cir. 1997) (en banc). For a statement to be involuntary under the Due Process Clause, it must be extracted by threats or violence, obtained by direct or indirect promises, or by the exertion of improper influence. Id. at 780. The critical inquiry in determining whether a statement was voluntary is whether the subject's will was "overborne" or his "capacity for self-determination critically impaired." United States v. Pelton, 835 F.2d 1067, 1071 (4th Cir. 1987). We review the totality of the circumstances when deciding whether a defendant's Miranda rights were properly waived. Cristobal, 293 F.3d at 140; see United States v. Gordon, 895 F.2d 932, 939 (4th Cir. 1990). This includes the defendant's individual characteristics and background, the setting in which the statement occurred, and the details of the interrogation or interview. United States v. Elie, 111 F.3d 1135, 1143-44 (4th Cir. 1997), abrogated on other grounds by United States v. Sterling, 283 F.3d 216, 219-20 (4th Cir. 2002).

A criminal defendant's Sixth Amendment right to counsel is violated when incriminating statements "deliberately elicited" by the government, made after indictment and outside the presence of counsel, are admitted against the defendant at trial. United States v. Love, 134 F.3d 595, 604 (4th Cir. 1998). "[A]n accused

- 3 -

. . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." Edwards v. Arizona, 451 U.S. 477, 484-85 (1981); see Jackson, 475 U.S. 625, 636 (1986) (applying Edwards to Sixth Amendment cases). If the accused does not initiate the conversation, any waiver of rights made after further police interrogation is invalid. Jackson, 475 U.S. at 636.

With respect to Fields's statement on September 27, 2001, we conclude Fields knowingly, intelligently, and voluntarily waived his rights because he was fully advised of his Miranda rights, and no promises, threats, or other inducements were made to him. With respect to Fields's August 9, 2002, statement, we conclude Fields's waiver of rights was valid because no attempt was made to deliberately elicit incriminating statements from him after he invoked his right to counsel and because Fields initiated further questioning.

Accordingly, we affirm Fields's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED