**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4645**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD LYNN FIELDS,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-9114)

Submitted: December 28, 2005          Decided: February 9, 2006

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Martin G. Bahl, Staff Attorney, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the Supreme Court of the United States. We previously affirmed Donald Lynn Fields' convictions and sentence for two counts of possession of a firearm and ammunition as a convicted felon, both in violation of 18 U.S.C. § 922(g)(1) (2000). United States v. Fields, No. 03-4645 (4th Cir. Sept. 15, 2004) (unpublished). The Supreme Court vacated our decision and remanded Fields' case for further consideration in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

A Sixth Amendment error occurs when a district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 543 U.S. at ___, 125 S. Ct. at 756. Because Fields did not raise a Sixth Amendment challenge or object to the mandatory application of the guidelines in the district court, review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

The facts that are supported by the jury verdict are that Fields, a convicted felon, possessed a firearm and ammunition. Grouped together, these facts correspond with an offense level of twenty, see United States Sentencing Guidelines Manual §§ 2K2.1(a)(4)(A) & 3D1.2(d) (2002), and a sentencing range of forty-one to fifty-one months' imprisonment. See USSG Ch. 5, Pt. A, table (based on Fields' criminal history category of III

(three)).  Fields' sentence of sixty-three months exceeds this range.  Because this error affects Fields' substantial rights, we conclude it is plainly erroneous.  See Hughes, 401 F.3d at 547-48.

Accordingly, we vacate the sentence imposed by the district court and remand for resentencing in accordance with Booker.  Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination.  See Hughes, 401 F.3d at 546 (applying Booker on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  Id.  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).  Id.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 546-47.  We affirm Fields' convictions for the reasons stated in our prior opinion of September 15, 2004.  We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>
