PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellant,*

v.

DION R. HAMLIN,
            *Defendant-Appellee.*

No. 02-4252

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DION R. HAMLIN,
            *Defendant-Appellant.*

No. 02-4264

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-01-257)

Argued: December 6, 2002

Decided: February 11, 2003

Before NIEMEYER and WILLIAMS, Circuit Judges, and
Henry M. HERLONG, Jr., United States District Judge for the
District of South Carolina, sitting by designation.

Affirmed in part, vacated in part, reversed in part, and remanded with
instructions by published opinion. Judge Williams wrote the opinion,
in which Judge Niemeyer and Judge Herlong joined.

## COUNSEL

**ARGUED:** Vincent L. Gambale, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellant. John Bertram Mann, LEVIT, MANN & HALLIGAN, Richmond, Virginia, for Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia; Laura C. Marshall, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellant.

---

## OPINION

WILLIAMS, Circuit Judge:

The Government appeals from the district court's dismissal of Dion Hamlin's conviction under 18 U.S.C.A. § 924(c) (West 2000) for lack of a felony predicate drug offense. The Government argues that the district court erred in holding that the statutory maximum sentence for offenses involving an indeterminate amount of marijuana is one year, based on 21 U.S.C.A. § 841(b)(4) (West 1999). Instead, the Government argues, 21 U.S.C.A. § 841(b)(1)(D) (West Supp. 2002) provides the applicable statutory maximum of five years, and thus, Hamlin's drug trafficking offense is a felony and is a proper predicate offense for the § 924(c) conviction. On cross-appeal, Hamlin asserts that the district court erred by admitting evidence of a loaded gun, eight packets of marijuana, and currency found in his possession. Hamlin also asserts that the evidence was insufficient to support his conviction for possession with an intent to distribute.

We hold that § 841(b)(1)(D) provides the applicable statutory maximum sentence for offenses involving an indeterminate amount of marijuana. We also find that the district court did not err in admitting the gun, marijuana, and currency found in Hamlin's possession and that the evidence is sufficient to support Hamlin's conviction for possession with an intent to distribute. Accordingly, we affirm Hamlin's convictions for possession and possession with intent to distribute; we reverse the dismissal of the § 924(c) conviction; we vacate Hamlin's

sentence; and we remand with instructions to reinstate the § 924(c) conviction and to resentence on all counts.

## I.

### A.

On July 27, 2001, around 9:30 p.m., Virginia Commonwealth University Police Sergeant Christopher Preuss was riding bike patrol and observed Hamlin approach public telephones at an Amoco service station in an area known for drug activity. Looking through his binoculars, Preuss saw Hamlin holding a dark hat or bag in his hand and saw Hamlin take an object the size of a piece of bubble gum out of the bag and hand it to an unidentified male subject, who looked at it and handed it back to Hamlin. The first unidentified male subject left and returned with a second unidentified male. The second male handed currency to Hamlin. It then appeared that something was passed back and forth.

Preuss approached Hamlin and told him that he needed to speak with him. Hamlin refused and walked into the Amoco; Preuss followed. Hamlin appeared nervous, and he kept moving his hands toward his groin area. Preuss asked Hamlin to step outside the store and guided Hamlin out of the store with his hand on Hamlin's shoulder. Once outside, Hamlin continued to appear nervous and to reach for his waist and pockets. Preuss told Hamlin that he was going to pat him down for weapons. Hamlin said, "No, you are not searching me." (J.A. at 31.) At that point, Preuss and another officer handcuffed Hamlin so that Preuss could pat him down. During the patdown, Preuss felt what he believed to be a firearm; he recovered the firearm and placed Hamlin under arrest for possession of a concealed weapon. After the arrest, Hamlin was thoroughly searched. Preuss recovered eight individual packets of marijuana and $100 in United States currency from Hamlin's person.

### B.

On August 22, 2001, the grand jury returned a three count indictment charging Hamlin with one count of possessing with the intent

to distribute a detectable amount of marijuana, in violation of 21 U.S.C.A. § 841 (Count One), one count of possessing a detectable amount of marijuana, in violation of 21 U.S.C.A. § 844 (Count Two), and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (Count Three). The district court denied Hamlin's motion to suppress the gun, marijuana, and currency found in his possession. Following a bench trial, Hamlin was convicted on all three counts.

At the sentencing proceeding, the district court ruled that because the indictment for Count One did not allege drug quantity or an intent to distribute for remuneration, the statutory maximum sentence was one year, under 21 U.S.C.A. § 841(b)(4). Based on this ruling, the court dismissed Count Three for lack of a felony predicate drug offense.[1] The district court sentenced Hamlin to three months imprisonment on the merged Counts One and Two. The Government timely filed a notice of appeal, and Hamlin timely filed a notice of cross-appeal. We first address the Government's argument regarding the proper statutory maximum sentence for offenses involving an indeterminate amount of marijuana and then address the two issues Hamlin raises on cross-appeal.

## II.

### A.

The Government argues that the district court erred by granting Hamlin's motion to dismiss Count Three for lack of a predicate felony drug offense. The district court granted Hamlin's motion because it found that the predicate offense, Count One, possessing a detectable amount of marijuana with the intent to distribute, had a statutory maximum penalty of one year, based on 21 U.S.C.A. § 841(b)(4). (J.A. at 162.) The Government argues that the applicable statutory maximum sentence is five years, based on 21 U.S.C.A. § 841(b)(1)(D). The question of which statute provides the applicable statutory maximum

---

[1] A conviction for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C.A. § 924(c) requires that the predicate drug trafficking offense be a felony. 18 U.S.C.A. § 924(c)(2).

is a legal issue that we review de novo. *United States v. Hall*, 972 F.2d 67, 69 (4th Cir. 1992).

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "the maximum penalty that may be imposed upon a defendant is the maximum penalty allowed by statute upon proof of only those facts alleged in the indictment and found by the jury beyond a reasonable doubt." *United States v. Promise*, 255 F.3d 150, 156 n.5 (4th Cir. 2001) (emphases deleted), *cert. denied*, 122 S. Ct. 2296 (2002). Because Hamlin's indictment did not allege a specific quantity of marijuana, Hamlin's sentence on Count One cannot exceed the statutory maximum penalty for possessing with the intent to distribute an indeterminate amount of marijuana.

The Government argues that 21 U.S.C.A. § 841(b)(1)(D), which provides for a maximum sentence of five years "[i]n the case of less than 50 kilograms of marihuana," furnishes the applicable statutory maximum. Hamlin argues that 21 U.S.C.A. § 841(b)(4) is the proper default sentencing provision. Section 841(b)(4) provides that "[n]otwithstanding paragraph (1)(D) of this subsection, any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as provided in section 844 of this title." 21 U.S.C.A. § 841(b)(4). The maximum term of imprisonment under § 844 is one year. Hamlin asserts that, absent an allegation in the indictment and jury finding with respect to either quantity or remuneration, § 841(b)(4) is the default sentencing provision, and the maximum allowable sentence is one year.

We agree with the government that § 841(b)(1)(D) provides the applicable statutory maximum for marijuana violations where the quantity of the drug is undetermined. Other circuits have reached the same result.[2] *See United States v. Bartholomew*, 310 F.3d 912, 925

---

[2]The Second and the Sixth Circuits considered the issue, as we do, in the absence of any controlling circuit precedent as to the applicable statutory maximum sentence for offenses involving an indeterminate amount of marijuana. The Fifth Circuit, which was presented with the argument that § 841(b)(4) provides the applicable statutory maximum sentence in *United States v. Walker*, 302 F.3d 322 (5th Cir. 2002), relied on its earlier precedent to hold that § 841(b)(1)(D) provided the maximum sentence. *See Walker*, 302 F.3d at 324 (citing *United States v. Garcia*, 242 F.3d 593, 599-600 (5th Cir. 2001)).

(6th Cir. 2002); *United States v. Walker*, 302 F.3d 322, 324-25 (5th Cir. 2002); *United States v. Outen*, 286 F.3d 622, 638 (2d Cir. 2002). We agree with the reasoning of the Second and Sixth Circuits that "[b]ecause *Apprendi* is concerned with the *facts* that a jury must decide, 'the proper "baseline" or "default" provision is not the provision with the lowest *penalty*, but rather the one which states a complete crime upon the fewest *facts*.'" *Bartholomew*, 310 F.3d at 925 (quoting *Outen*, 286 F.3d at 638). Clearly § 841(b)(1)(D) is the "baseline" provision because it states a complete crime upon the fewest facts. Section 841(b)(4) is a mitigating exception to the five-year statutory maximum found in § 841(b)(1)(D). The Supreme Court in *Apprendi* recognized that the existence of possible "facts in mitigation" does not affect the statutory maximum. *See Apprendi*, 530 U.S. at 490 n.16 ("If facts found by a jury support a guilty verdict of murder, the judge is authorized by that jury verdict to sentence the defendant to the maximum sentence provided by the murder statute. If the defendant can escape the statutory maximum by showing, for example, that he is a war veteran, then a judge that finds the fact of veteran status is neither exposing the defendant to a deprivation of liberty greater than that authorized by the verdict according to statute, nor is the judge imposing upon the defendant a greater stigma than that accompanying the jury verdict alone."). Similarly, here, the possibility that the defendant can "escape the statutory maximum" by showing that he distributed "a small amount of marijuana for no remuneration" does not affect the five-year statutory maximum set by § 841(b)(1)(D).

Because the applicable statutory maximum sentence for Count One is five years, it may serve as a predicate for the offense of carrying a firearm during a drug trafficking crime. *See* 18 U.S.C.A. § 924(c)(2). Accordingly, we reverse the district court's dismissal of Count Three and remand with instructions to reinstate the conviction on Count Three. We also vacate the sentence on the merged Counts One and Two and remand for resentencing on all Counts.

B.

We turn now to Hamlin's arguments on appeal. He argues that: (1) the district court erred in denying the motion to suppress the loaded

gun, packets of marijuana, and currency found in his possession; and (2) the evidence was insufficient to support his conviction.

1.

Hamlin argues that the district court erred in failing to determine that he was arrested from the moment that Officer Preuss took him outside the service station. He argues that the fact that he was handcuffed and not free to leave made the encounter an arrest and not an investigative detention under the rule announced in *Terry v. Ohio*, 392 U.S. 1, 21 (1968). Because, Hamlin argues, Preuss did not have probable cause to make a warrantless arrest, the arrest was unconstitutional and the firearm, marijuana, and currency should be suppressed. We review the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). We review de novo the legal determinations in the district court's conclusion that Preuss's actions did not amount to an arrest. *United States v. Sinclair*, 983 F.2d 598, 601 (4th Cir. 1993).

Hamlin's argument that the fact that he was not free to leave converted the *Terry* stop into a custodial arrest is without merit. *See Sinclair*, 983 F.2d at 603 ("[T]he perception that one is not free to leave is insufficient to convert a *Terry* stop into an arrest."). Moreover, the use of handcuffs did not convert the encounter into a custodial arrest because the use was reasonably necessary to protect the officer's safety. During *Terry* stops, officers may take "steps reasonably necessary to maintain the status quo and to protect their safety." *Id.* at 602. Preuss had a right to conduct a patdown for concealed weapons because Hamlin's nervousness and his repeated attempts to reach toward his groin area gave Preuss reason to believe that Hamlin was armed and dangerous. *See id.* at 603 (noting that "experience with drug traffickers might lead law enforcement officials to fear bodily harm in conducting a *Terry* stop"). When Preuss told Hamlin he was going to pat him down, Hamlin said, "No, you are not searching me." (J.A. at 31.) At that point, the handcuffs were reasonably necessary to accomplish the pat down for weapons. *Cf. United States v. Critten-*

*don*, 883 F.2d 326, 329 (4th Cir. 1989) (use of handcuffs did not convert stop and frisk into an arrest); *Sinclair*, 983 F.2d at 603 (use of drawn weapons did not convert investigative stop into an arrest). Accordingly, the district court did not err in denying Hamlin's motion to suppress.

2.

Hamlin next contends that the evidence was insufficient to support his conviction on Count One. A defendant challenging the sufficiency of the evidence to support a conviction "must overcome a heavy burden." *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995). We must sustain the verdict if there is substantial evidence, taken in the light most favorable to the government, to support the conviction. *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc). Viewing all of the evidence and the inferences to be drawn therefrom in the light most favorable to the Government, we conclude that the evidence is sufficient to support Hamlin's conviction on Count One.

III.

For the reasons stated herein, we affirm Hamlin's conviction on Count One; we reverse the dismissal of Count Three; we vacate the sentence on the merged Counts One and Two; and we remand with instructions to reinstate the conviction on Count Three and resentence as to all Counts.

*AFFIRMED IN PART, VACATED IN PART, REVERSED*
*IN PART, AND REMANDED WITH INSTRUCTIONS*