**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

CORNELIUS D. PORTER,
　　　　　　*Defendant-Appellant.*

No. 03-4027

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-00-475-AW)

Submitted: August 7, 2003

Decided: August 21, 2003

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Fred Warren Bennett, Booth M. Ripke, BENNETT & NATHANS, L.L.P., Greenbelt, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, David I. Salem, Assistant United States Attorney, Greenbelt, Maryland, for Apellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Cornelius Porter appeals his conviction by a jury of one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000), one count of possession with intent to distribute cocaine, and one count of possession with intent to distribute five grams or more of crack cocaine, both in violation of 21 U.S.C. § 841(a)(1) (2000). Finding no reversible error, we affirm.

Porter first argues that the district court erred in denying his motion to suppress evidence. Porter asserts that the police officers who stopped him exceeded the scope of a lawful frisk by seizing his cellular telephone and using it to develop additional evidence. The legal conclusions underlying the denial of a motion to suppress are reviewed de novo, while the predicate factual conclusions are reviewed for clear error when assessed in the light most favorable to the party prevailing below. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Hamlin*, 319 F.3d 666, 671 (4th Cir. 2003). Porter does not contest the officers' decision to stop him and to conduct a frisk, but asserts a Fourth Amendment violation from the officers' seizure of his cellphone and its use to develop other evidence. The district court concluded that the cellphone was properly seized in conjunction with a lawful arrest. We agree.

Our review of the record convinces us that the officers in this case possessed sufficient probable cause to arrest Porter at the moment he confirmed that he was known as "Neil." *United States v. Han*, 74 F.3d 537, 541 (4th Cir. 1996). Although a Drug Enforcement Administration Agent testified that he obtained a "John Doe" arrest warrant because he did not feel he had sufficient information to obtain a warrant for Porter prior to his arrival at the location where a controlled buy was to be completed, the Supreme Court has emphasized that the analysis of whether probable cause exists is an objective one, that is unaffected by the officer's subjective beliefs or state of mind. *Whren v. United States*, 517 U.S. 806, 811-13 (1996); *Han*, 74 F.3d at 541.

Porter next contends that the district court erred in admitting evidence of his prior conviction in state court for conspiracy to distribute

cocaine, which arose from the same set of operative facts that supported his federal indictment. The district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) is reviewed for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990).

Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*; *see Queen*, 132 F.3d at 994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. *Queen*, 132 F.3d at 994-95; *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under Rules 404(b) and 403 if the evidence is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect. *Queen*, 132 F.3d at 997. Limiting jury instructions explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce prior act evidence provide additional protection to defendants. *Id.*

Porter does not contest that the evidence of his prior conviction for conspiracy to distribute cocaine was relevant and reliable, but argues that the evidence was not necessary and that it was unfairly prejudicial. We conclude that the evidence of Porter's conviction was necessary evidence of his intent to distribute the drugs found in his residence. Moreover, we have held that there is no unfair prejudice under Rule 403 when the extrinsic act is no more sensational or disturbing than the crimes with which the defendant was charged. *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995). In this case, the prior conviction was based upon acts that were essentially identical to the charged crimes and the manner of presentation of the evidence to the jury was neutral and did not appeal to the emotions of the jurors. *See United States v. Powers*, 59 F.3d 1460, 1467 (4th Cir. 1995). Further, to the extent that the admission of the prior conviction unfairly preju-

diced Porter by leading the jury to find he was guilty of the charged offense merely because of his conviction of a drug conspiracy, this prejudice was mitigated by the court's limiting instructions to the jury. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (jurors are presumed to follow the court's instructions). Thus, any danger of unfair prejudice to Porter from the evidence of his prior conviction was lessened by the court's instruction. *See Queen*, 132 F.3d at 997. The district court's decision to admit the evidence was not arbitrary or irrational.

We accordingly affirm Porter's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*