UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

MICHAEL SCOTT PANNELL,

  *Defendant-Appellant.*

No. 02-4492

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-02-2)

Submitted: September 19, 2003

Decided: October 9, 2003

Before KING and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Marc L. Resnick, Washington, D.C., for Appellant. John L. Brownlee, United States Attorney, Ruth E. Plagenhoef, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Scott Pannell appeals his conviction by a jury of one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000), one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2000), and one count of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). Finding no reversible error, we affirm.

Pannell first argues that the district court erred in denying his motion to suppress evidence seized after a traffic stop of the vehicle he was driving, and statements he made to police during that stop. Pannell argues that the police officer who stopped him did not possess the requisite probable cause that he was committing a violation of the traffic laws, and that the asserted justification for the stop was fabricated. We review the legal conclusions underlying the denial of a motion to suppress de novo, while the predicate factual conclusions are reviewed for clear error when assessed in the light most favorable to the party prevailing below. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Hamlin*, 319 F.3d 666, 671 (4th Cir. 2003).

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). The subjective intentions of the police are not relevant to the analysis of whether probable cause existed to support the stop. *Id.* at 813; *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993). Our review of the record leads us to conclude that the officer possessed the requisite probable cause that a traffic violation was occurring, and therefore the stop of Pannell's vehicle was lawful.

Pannell next contends that the evidence was insufficient to establish that he knowingly possessed either the marijuana or the firearm found in the vehicle. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *Glasser v.*

*United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

Possession may be actual or constructive. *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992). A person has constructive possession of an item if he knows of its presence and has the power to exercise dominion and control over it. *United States v. Schocket*, 753 F.2d 336, 340 (4th Cir. 1985). Our review of the evidence in this case convinces us that the evidence was sufficient to establish Pannell's knowing possession of the marijuana and the firearm.

Pannell's final argument on appeal is that the prosecutor's improper comments in closing argument violated his right to due process and require that he be given a new trial. At the end of the initial closing argument, the prosecutor asked that the jury "[h]elp us once again to continue to protect our community." The district court judge immediately admonished counsel that this remark was improper argument. Pannell did not object to the prosecutor's comments at trial, therefore our review is limited to whether the remarks constituted plain error. *United States v. Mitchell*, 1 F.3d 235, 239 (4th Cir. 1993).

A prosecutor's improper closing argument may "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Wilson*, 135 F.3d 291, 297 (4th Cir. 1998) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)) (internal quotation marks omitted). In determining whether a defendant's due process rights were violated by a prosecutor's closing argument, we consider whether the remarks were, in fact, improper, and, if so, whether the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial. *Id.*

We conclude that the prosecutor's request to the jury was improper. The Supreme Court has held that a prosecutor may not "ex-

hort the jury to 'do its job'; that kind of pressure, whether by the prosecutor or defense counsel, has no place in the administration of criminal justice." *United States v. Young*, 470 U.S. 1, 18 (1985). The comment in this case, however, was not so prejudicial as to deny Pannell a fair trial. After analyzing the comment under the six factor test articulated in *Wilson*, we conclude that the comment did not substantially prejudice Pannell's rights so as to deny him a fair trial. *Wilson*, 135 F.3d at 299.

Accordingly, we affirm Pannell's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*