UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                      No. 03-4404

MICHAEL SHAYNE BROWN,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., District Judge.
(CR-02-219)

Submitted: November 5, 2003

Decided: November 24, 2003

Before MOTZ, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Gretchen M. Lynch, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, James Ashford Metcalfe, Assistant United States Attorney, Kedron Bullock, Third Year Law Student, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Michael Shayne Brown appeals his conviction pursuant to his conditional guilty plea for being a felon in possession of ammunition and a firearm. Brown reserved the right to appeal the denial of his motion to suppress in his plea agreement. Because we find the district court properly denied Brown's motion to suppress evidence seized during an administrative inventory search, we affirm.

This Court reviews de novo the denial of a motion to suppress evidence. *United States v. Hamlin*, 319 F.3d 666, 671 (4th Cir. 2003). However, the district court's findings of fact are reviewed for clear error. *Id.* The Court reviews the evidence in the light most favorable to the government. *Id.*

A warrantless search or seizure is prohibited by the Fourth Amendment unless it falls within an exception to the warrant requirement. *See Horton v. California*, 496 U.S. 128, 134 n.4 (1990). "An inventory search is a well-defined exception to the warrant requirement of the Fourth Amendment . . . designed to effect three purposes: protection of the owner's property, protection of the police against claims of lost or stolen property, and protection of the police from potential danger." *United States v. Haro-Salcedo*, 107 F.3d 769, 772-73 (10th Cir. 1997); *see Colorado v. Bertine*, 479 U.S. 367, 371 (1987). The Fourth Amendment is offended when, considering the totality of the circumstances, an inventory search is unreasonable. *See South Dakota v. Opperman*, 428 U.S. 364, 373 (1976).

If an inventory search is conducted according to standard departmental policies and not as a ruse for an impermissible search, the search does not violate the Fourth Amendment, and evidence seized during the search is admissible at trial. *See Florida v. Wells*, 495 U.S. 1, 3-5 (1990); *United States v. Brown*, 787 F.2d 929, 932 (4th Cir.

1986). There is no requirement that the standardized procedures be incorporated into a written policy. *See United States v. Ford*, 986 F.2d 57, 60 (4th Cir. 1993). "Reasonable police regulations relating to inventory procedures administered in good faith satisfy the Fourth Amendment, even though courts might as a matter of hindsight be able to devise equally reasonable rules requiring a different procedure." *Bertine*, 479 U.S. at 374.

The district court found that even though a better practice might have been to record all items removed from a vehicle on the inventory list, the omission of evidentiary items from the inventory list did not give rise to an inference of bad faith on the part of the police. We conclude that the district court did not clearly err when it found the inventory search was done in good faith. Accordingly, under the totality of the circumstances, the administrative inventory search was not unreasonable. For this reason, we affirm Brown's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*