**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4717

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BARRY DUANE JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-03-423)

Submitted: May 20, 2005          Decided: June 13, 2005

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded for resentencing by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Barry Duane Johnson appeals from his conviction and sentence following a guilty plea of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2000).

Johnson argues the district court erred when it denied his motion to suppress. We review the denial of a motion to suppress evidence de novo. United States v. Hamlin, 319 F.3d 666, 671 (4th Cir. 2003). We review the district court's findings of fact for clear error, viewing the evidence in the light most favorable to the Government. Id. Because we conclude reasonable suspicion existed to stop Johnson's vehicle for illegal window tinting, we affirm Johnson's conviction.

Johnson next argues that his sentence violated his Sixth Amendment right to a jury trial as determined in Blakely v. Washington, 124 S. Ct. 2531 (2004). Johnson preserved this issue at sentencing. Although we conclude the district court did not err when it calculated Johnson's criminal history category, or when it found that one of Johnson's prior convictions was a crime of violence, we conclude the court's finding that Johnson's firearm was stolen violates the mandate that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." United States v. Booker, 125 S. Ct. 738, 748 (2005) (quoting Apprendi v. New Jersey,

530 U.S. 466, 490 (2000)).* We accordingly vacate Johnson's sentence and remand for resentencing consistent with Booker.

Although the United States Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range . . . and reasonable." Id. at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART,
AND REMANDED FOR RESENTENCING

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Johnson's sentencing.

- 3 -