**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4426

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL WEBSTER PRICE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CR-04-36)

Submitted: January 4, 2006          Decided: January 31, 2006

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kelly L. Greene, STUBBS & PERDUE, P.A., New Bern, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jennifer May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

At approximately 3:00 a.m. on the morning of September 30, 2002, defendant Daniel Price drove a borrowed Suzuki through a license checkpoint that the Washington, North Carolina Police Department had set up to check motorists for valid driver's licenses. Defendant sped up as he drove through the license check station without stopping, was pursued by an officer, and pulled over a half mile past the checkpoint. The police officer approached defendant, smelled alcohol, and determined that defendant's driver's license was suspended. The officer also administered a field sobriety test, which defendant failed. Defendant was placed under arrest. The police searched his vehicle and discovered a revolver under the front passenger seat. After a two-day jury trial, defendant was found guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000).

Under § 922(g)(1), the government must show that defendant was a convicted felon, that he knowingly possessed a firearm, and that the firearm had travelled in interstate commerce. See United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Defendant first contends that a rational jury could not have concluded beyond a reasonable doubt that he knowingly possessed the revolver. "[W]hen a defendant challenges the sufficiency of the evidence on appeal, the relevant question is whether, after viewing

2

the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Collins</u>, 412 F.3d 515, 519 (4th Cir. 2005) (internal quotation marks omitted). This is a "heavy burden," <u>United States v. Hamlin</u>, 319 F.3d 666, 672 (4th Cir. 2003) (internal quotation marks omitted), and one that defendant has not met here. Defendant was the only person in the vehicle, the gun was found next to him under the passenger seat, and he accelerated through a well-marked police checkpoint, stopping a half mile after officers gave chase. Under these circumstances, a reasonable jury could have determined that he knowingly possessed a firearm. While the defendant introduced evidence suggesting the revolver did not belong to him and that he was unaware of its placement in the vehicle, "where the evidence supports differing reasonable interpretations," it is for the jury to decide which interpretation to credit. <u>United States v. Perry</u>, 335 F.3d 316, 320 (4th Cir. 2003).

Defendant next argues that the district court should have suppressed evidence of the revolver because it was the product of a police checkpoint that violated the Fourth Amendment. Stopping a person at an automobile checkpoint is a seizure that must satisfy Fourth Amendment requirements, <u>see</u> <u>United States v. Wilson</u>, 205 F.3d 720, 722 (4th Cir. 2000) (en banc), but "special law enforcement concerns will sometimes justify highway stops without

3

individualized suspicion." Illinois v. Lidster, 540 U.S. 419, 424 (2004); see also Wilson, 205 F.3d at 723 (same). In these cases, the checkpoint stop must be reasonable. See Mich. Dep't of State Police v. Sitz, 496 U.S. 444, 450 (1990); United States v. Brugal, 209 F.3d 353, 356 (4th Cir. 2000) (en banc) (plurality opinion).

The driver's license checkpoint in this case was clearly reasonable. See City of Indianapolis v. Edmond, 531 U.S. 32, 37-38 (2000) (suggesting that a "roadblock with the purpose of verifying drivers' licenses and vehicle registrations would be permissible"); see also Delaware v. Prouse, 440 U.S. 648, 658, 663 (1979) (same); Brugal, 209 F.3d at 357 (same). The supervisor-sanctioned roadblock was set up near a commercial area on both sides of a wide street. The officers positioned their squad cars to block the outer lane on each side of the road and turned on the cars' flashing blue lights. Several officers wearing traffic vests and carrying flashlights stood in a center turn lane between the inside lanes of the road. They stopped every motorist approaching from either direction. The stops were intended to be brief, as drivers only had to present a valid license. In light of all of these circumstances, the checkpoint was readily apparent to passing motorists, and did not involve discretionary behavior on the part of police officers. Compare Prouse, 440 U.S. at 659. "States have a vital interest in ensuring that only those qualified to do so are permitted to operate motor vehicles . . . and hence that licensing,

4

registration, and vehicle inspection requirements are being observed." Id. at 658. The checkpoint station in this case directly advanced that interest and caused only minimal disruption to drivers passing through.

Defendant raises other objections relating to the exclusion of certain evidence and the absence of the jury during certain portions of the proceedings. We have reviewed these assignments of error and find them without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED