**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 04-4657**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGINALD LARUE SPIVEY, a/k/a Buddy,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Malcolm J. Howard,
District Judge.  (CR-03-23)

───────────────

Submitted:  February 13, 2006          Decided:  March 8, 2006

───────────────

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────────

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

───────────────

William Lee Davis, III, Lumberton, North Carolina, for Appellant.
Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Reginald Larue Spivey appeals his sentence of 410 months of imprisonment imposed after a jury trial and conviction of one count of conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base and at least five kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count 1); one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); one count of possession with intent to distribute at least 50 grams of cocaine base and 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 3); and one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(2). The jury also found a forfeiture of $1,000,000 in the superseding bill of indictment. Counsel has filed an Anders[1] brief asserting that there are no meritorious issues for appeal. Spivey was notified of his right to file a pro se supplemental brief, and has done so, challenging the district court's denial of his motion to suppress, and challenging his sentence. Because we conclude that Spivey's sentence was based upon facts not charged in the indictment or admitted to by Spivey, we vacate his sentence and remand.[2]

---

[1]See Anders v. California, 386 U.S. 738 (1967).

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Spivey's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is 'plain' if "the law at the time of trial

- 2 -

In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court applied the rationale of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. <u>Booker</u>, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. <u>Id.</u> at 756-57 (Breyer, J., opinion of the Court). Subsequently, in <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005), this court held that a sentence that was imposed under the pre-<u>Booker</u> mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, not admitted to by the defendant), constitutes plain error that affects the defendant's substantial rights and warrants reversal under <u>Booker</u> when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guidelines scheme. <u>Hughes</u>, 401 F.3d at 546-56. We directed sentencing courts to calculate the appropriate guidelines range, consider that range in conjunction with other relevant factors

_____

was settled and clearly contrary to the law at the time of appeal").

- 3 -

under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), and impose a sentence. If the district court imposes a sentence outside the guidelines range, the court should state its reasons for doing so. Id. at 546.

Spivey timely objected to his sentence, citing Blakely. Our review of the record leads us to conclude that Spivey's base offense level was not properly determined because it was based on drug quantities not alleged in the indictment, found by the jury, or admitted to by Spivey. In addition, Spivey received a two-level enhancement of his offense level for being a leader or organizer in the conspiracy, pursuant to U.S. Sentencing Guidelines Manual § 3A1.2(b)(1) (2003). We conclude also that the imposition of this enhancement was error under the Sixth Amendment as applied in Booker, because the facts supporting this enhancement were not alleged in the indictment, found beyond a reasonable doubt, or admitted by Spivey, and because, absent this enhancement and based upon the additional drug quantities upon which Spivey was sentenced beyond those set forth in the indictment, Spivey's guidelines range would have been below the range in which Spivey was sentenced.

We have further reviewed Spivey's challenge to the district court's denial of his motion to suppress. We pay great deference to the district court's findings of probable cause in relation to warrants. Illinois v. Gates, 462 U.S. 213, 236 (1983). While we review the legal determinations underlying the district

court's denial of a motion to suppress de novo, United States v. Hamlin, 319 F.3d 666, 671 (4th Cir. 2003), we review for clear error the factual findings underlying the district court's decision, and conduct such review of the facts in the light most favorable to the Government, giving "due weight to inferences drawn from those facts by resident judges and local law enforcement officers."  Ornelas v. United States, 517 U.S. 690, 699 (1996); Hamlin, 319 F.3d at 671.  Under this standard, we find no merit to Spivey's challenge to the district court's denial of his motion to suppress.

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal.  Accordingly, we affirm Spivey's conviction, vacate his sentence, and remand for resentencing in accordance with Booker and Hughes.[3]  We deny Spivey's motion for general relief, and dispense with oral argument because the facts and legal contentions are adequately presented in

---

[3]Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination.  See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  Id.  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id.  The sentence must be "within the statutorily prescribed range . . . and reasonable."  Id. at 546-47.

the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,<br>
<u>VACATED IN PART, AND REMANDED</u>