**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4102**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

EDWARD MONROE LITTLE, a/k/a Ebay,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (CR-03-12-V)

———————

Submitted:  February 17, 2006        Decided:  March 14, 2006

———————

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Amy
Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Edward Monroe Little was convicted after a jury trial of one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams of more of crack cocaine, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2005), and one count of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C.A. §§ 841, 2 (West 1999 & Supp. 2005). Before trial, the Government filed a notice of sentence enhancement based upon prior convictions pursuant to 21 U.S.C. § 851 (2000). Little was sentenced to life imprisonment on each count of conviction, to run concurrently.

On appeal, counsel filed an Anders[1] brief, in which he states there are no meritorious issues for appeal, but suggests that the district court erred in denying Little's motion to suppress evidence obtained during a traffic stop. Little has also filed a pro se supplemental brief, asserting several claims. We affirm.

The legal conclusions underlying the denial of a motion to suppress are reviewed de novo, while the predicate factual conclusions are reviewed for clear error when assessed in the light most favorable to the party prevailing below. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Hamlin, 319 F.3d 666, 671 (4th Cir. 2003). Courts reviewing a district court's

---

[1]Anders v. California, 386 U.S. 738 (1967).

- 2 -

ruling on a suppression motion are to consider the totality of the circumstances of the particular detention "to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing.  This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." United States v. Arvizu, 534 U.S. 266, 273 (2002) (internal quotation marks and citations omitted).  Our review of the record leads us to conclude that the facts known to the officer, considered together, were sufficient to "eliminate a substantial portion of innocent travelers and, therefore amount to reasonable suspicion that [Little] was engaged in drug trafficking." United States v. Foreman, 369 F.3d 776, 785 (4th Cir. 2004).  The motion to suppress was properly denied.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.[2]  We therefore affirm Little's convictions and sentence. This court requires that counsel inform Little, in writing, of the right to petition the Supreme Court of the United States for further review.  If Little requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

---

[2]We have considered the claims asserted by Little in his pro se supplemental brief and find them to be without merit.

- 3 -

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Little.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED