**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4586**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLEVE DAUGHTERY, JR.,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (2:05-cr-00213-ALL)

———————————

Submitted:  January 8, 2007          Decided:  February 1, 2007

———————————

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleve Daughtery, Jr., appeals his conviction for one count of cultivation of marijuana, in violation of 21 U.S.C. § 841. The district court imposed the statutory maximum sentence of sixty months' imprisonment. For the reasons that follow, we affirm the conviction and sentence.

Daughtery first contends that the district court abused its discretion in allowing the government to impeach him with prior statements that contradicted his testimony on direct examination. He also contends that the district court erred in denying his motion to suppress evidence of marijuana plants seized on his property because the search warrant was not supported by probable cause. We reject both of these claims.

On direct examination, Daughtery testified that he only confessed that he owned the plants found on his property under the threat of violence. But in his statements to the police, not only did Daughtery admit that the plants were his, he also provided detailed information about his extensive involvement for over a decade in the purchase and sale of large quantities of marijuana. These admissions substantially undermined Daughtery's testimony. Regardless of whether the admissions regarding drug activity would have been admissible under the evidentiary rules in the government's case-in-chief, the evidence became admissible for impeachment purposes once Daughtery took the stand and offered an

- 2 -

explanation for his confession.  See United States v. Williams, 986 F.2d 86, 89 (4th Cir. 1993).  The district court's evidentiary ruling was well within its discretion.

We further conclude that the search warrant was supported by probable cause.  The Fourth Amendment requires that no search warrant shall issue without probable cause.  Probable cause means that when assessing the totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).  We pay great deference to the district court's findings of probable cause in relation to warrants.  Id. at 236.  This court reviews the legal determinations underlying the district court's denial of a motion to suppress de novo, and the factual findings underlying the district court's decision for clear error.  United States v. Hamlin, 319 F.3d 666, 671 (4th Cir. 2003).  Moreover, our review of the facts must be conducted in the light most favorable to the government.  Id.

Daughtery's argument rests on the faulty premise that the search warrant was based solely on information provided by an anonymous tip.  Contrary to Daughtery's assertion, however, police officers testified both at trial and at the suppression hearing that they drove past Daughtery's residence and personally observed marijuana plants from the road.  In view of this evidence, we

discern no error in the district court's conclusion that the warrant was supported by probable cause.

Accordingly, we affirm Daughtery's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED