**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4447**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

OTIS LEON STORY, a/k/a Shawn Jones,

　　　　　　　Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:07-cr-00738-PMD-1)

Submitted:  April 13, 2009　　　　　　　Decided:  May 1, 2009

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter J. Wiggins, Edward E. Kopko, WIGGINS & KOPKO, LLP, Ithaca, New York, for Appellant.  W. Walter Wilkins, United States Attorney, Alston C. Badger, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Otis Leon Story pled guilty to one count of knowingly, intentionally and unlawfully possessing with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 2000 & Supp 2008), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006).  In his plea agreement, Story reserved the right to appeal the district court's order denying his motion to suppress evidence, to hold a Leon/Franks[*] hearing and to dismiss the indictment.  We affirm.

Hotel employees found a quantity of cocaine in a hotel room in which Story had been staying.  The manager alerted the police, who replaced the package of cocaine with an identical "sham" package and left behind a black gym back also found in the room.  Story was later observed entering the hotel room and then leaving the room moments later with the gym bag.  He was arrested and the subsequent search of the gym bag revealed the sham package of cocaine.

The district court's legal conclusions underlying the denial of a motion to suppress are reviewed de novo, while the

---

[*] United States v. Leon, 468 U.S. 897, 922-23 (1984); Franks v. Delaware, 438 U.S. 154, 171-72 (1978).

predicate factual conclusions are reviewed for clear error when assessed in the light most favorable to the party prevailing below. United States v. Hamlin, 319 F.3d 666, 671 (4th Cir. 2003). The Fourth Amendment proscribes unreasonable searches by the government. The protection afforded by the Amendment is "wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'" United States v. Jacobsen, 466 U.S. 109, 113-14 (1984) (quoting Walter v. United States, 447 U.S. 649, 662 (1980) (Blackmun, J., dissenting)).

Story claimed the hotel employees were acting as agents of the government, or with the participation and knowledge of the government, when they seized the package in the hotel room. For purposes of the exclusionary rule, a private actor must "be regarded as having acted as an 'instrument' or agent of the state," in order for a private search to be considered action by the government. Coolidge v. New Hampshire, 403 U.S. 443, 487 (1971). "One highly pertinent consideration is whether the government knew of and acquiesced in the intrusive conduct and whether the private party's purpose for conducting the search was to assist law enforcement efforts or to further her own ends." United States v. Ellyson, 326 F.3d 522, 527 (4th Cir. 2003) (internal quotation marks omitted).

We find no error in the district court's conclusion that the hotel employees were not agents of law enforcement. Law enforcement authorities did not know of or acquiesce in the intrusive conduct. After-the-fact knowledge and acquiescence by law enforcement cannot transform the relationship between the employees and the police into an agency relationship. There must be some evidence of the government participation in the private search or affirmative encouragement. See United States v. Jarrett, 338 F.3d 339, 346-47 (4th Cir. 2003).

We further find the district court did not err in not finding the initial search by a police officer exceeded the scope of the search conducted by the hotel employees. Insofar as Story argues that Officer Campbell's seizure of the cocaine was error because it was permanent, the claim is without merit. "[T]he plain-view doctrine authorizes warrantless seizures of incriminating evidence when (1) the officer is lawfully in a place from which the object may be plainly viewed; (2) the officer has a lawful right of access to the object itself; and (3) the object's incriminating character is immediately apparent." United States v. Jackson, 131 F.3d 1105, 1109 (4th Cir. 1997). Here, Officer Campbell was lawfully in a place where he could plainly view the cocaine, he had lawful right of access to the package, and the incriminating character of the package was apparent.

4

We also agree with the district court that there was no reason to quash the search warrant. Officer Campbell's search and seizure of the cocaine was proper and the search warrant's supporting affidavit did not contain false or misleading information.

We further find law enforcement had probable cause to arrest Story. Probable cause "to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). The evidence needed to establish probable cause is more than a mere suspicion, rumor, or strong reason to suspect but less than evidence sufficient to convict. Wong Sun v. United States, 371 U.S. 471, 479 (1963); United States v. Williams, 74 F.3d 537, 541 (4th Cir. 1996). Clearly, there was sufficient evidence to support the belief that Story was in possession of cocaine.

Story also argues there was insufficient evidence to support the indictment. The claim is without merit. "[C]ourts lack authority to review the sufficiency of evidence supporting an indictment, even when a mistake was mistakenly made." United States v. Wills, 346 F.3d 476, 488 (4th Cir. 2003). "An indictment returned by a legally constituted and unbiased grand

5

jury, . . . if valid on its face, is enough to call for trial of the charges on the merits." Costello v. United States, 350 U.S. 349, 363 (1956). An indictment is valid if it states each of the essential elements of the offense. United States v. Lockhart, 382 F.3d 447, 449 (4th Cir. 2004).

Finally, while we grant Story's motion to file a pro se brief, we have reviewed the issues raised in the brief, some of which are duplicative of the issues raised by counsel, and find them to be without merit. There is sufficient evidence to support the conviction. In addition, claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively demonstrates ineffective assistance. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

Accordingly, we affirm the convictions and sentence and we grant the motion to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED