# Matter of Lamin ARUNA, Respondent

File A44 754 412 - Baltimore

*Decided February 26, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Absent controlling precedent to the contrary, a State law misdemeanor offense of conspiracy to distribute marijuana qualifies as an "aggravated felony" under section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B) (2000), where its elements correspond to the elements of the Federal felony offense of conspiracy to distribute an indeterminate quantity of marijuana, as defined by 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 846 (2000 & Supp. IV 2004).

FOR RESPONDENT: Mary Ann Berlin, Esquire, Baltimore, Maryland

FOR THE DEPARTMENT OF HOMELAND SECURITY: Billy J. Sapp, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU and PAULEY, Board Members; KESSLER, Temporary Board Member.

PAULEY, Board Member:

The respondent has appealed from an Immigration Judge's decision dated October 4, 2007, finding him removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000), as an alien convicted of an "aggravated felony."[1] The Department of Homeland Security ("DHS") opposes the appeal. The appeal will be dismissed.

---

[1] The Immigration Judge also found the respondent removable as an alien convicted of a violation of State law relating to a controlled substance under section 237(a)(2)(B)(i) of the Act. The respondent does not dispute that he is removable from the United States on that ground.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Sierra Leone who was convicted on January 2, 2007, of conspiracy to distribute a controlled dangerous substance (marijuana) in violation of Maryland law.  Relying on the United States Supreme Court's decision in *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), the Immigration Judge determined that the respondent's Maryland offense is an aggravated felony within the meaning of sections 101(a)(43)(B) and (U) of the Act, 8 U.S.C. §§ 1101(a)(43)(B) and (U) (2000), i.e., a "conspiracy" to commit a "drug trafficking crime" under 18 U.S.C. § 924(c) (2000).  Specifically, the Immigration Judge concluded that the Maryland offense of conspiracy to distribute marijuana qualifies as an aggravated felony because it corresponds to an offense punishable as a felony under the Federal Controlled Substances Act ("CSA").

The only issue on appeal is whether the respondent's offense is an aggravated felony that renders him removable and ineligible for cancellation of removal under section 240A(a)(3) of the Act, 8 U.S.C. § 1229b(a)(3) (2000).  The respondent argues that his Maryland offense cannot qualify as an aggravated felony because it was classified as a "misdemeanor" under Maryland law.  In the alternative, he disputes the Immigration Judge's conclusion that his Maryland crime corresponds to any Federal felony.

## II.  LEGAL BACKGROUND

Section 101(a)(43) of the Act defines the term "aggravated felony" to include a "drug trafficking crime" as defined in 18 U.S.C. § 924(c), "whether in violation of Federal or State law," as well as any "conspiracy" to commit such an offense.  In turn, 18 U.S.C. § 924(c)(2) defines "drug trafficking crime" to mean "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)."  The United States Supreme Court has held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales*, *supra*, at 633.  Thus, for a State drug offense to qualify as a "drug trafficking crime" and, by extension, an aggravated felony, it must correspond to an offense that carries a maximum term of imprisonment exceeding 1 year under the CSA. *Id.* at 631 & n.7.

## III.  ISSUE

The issue on appeal is whether the respondent's 2007 Maryland conviction was for an offense that "proscribes conduct punishable as a felony" under the

CSA within the meaning of *Lopez v. Gonzales*, *supra*, at 633, such that it may be considered a "drug trafficking crime" and, by extension, an "aggravated felony."

## IV.  ANALYSIS

At the outset, we reject the respondent's contention that his Maryland offense must be excluded from aggravated felony treatment simply by virtue of the fact that Maryland law denominates it a "misdemeanor."  By placing the term "aggravated felony" in quotes followed by the word "means," Congress made clear that "aggravated felony" is a term of art that is defined by the subsections that follow, and it is well established that the term encompasses nonfelony offenses that are otherwise encompassed by its language.  *Wireko v. Reno*, 211 F.3d 833, 835-36 (4th Cir. 2000); *see also Biskupski v. Att'y Gen. of U.S.*, 503 F.3d 274, 280 n.10 (3d Cir. 2007), and cases cited therein; *Matter of Small*, 23 I&N Dec. 448 (BIA 2002).  Under the rationale of *Lopez v. Gonzales*, *supra*, whether a State drug offense is a "drug trafficking crime" aggravated felony turns solely on its correspondence to a Federal felony, not on how the State graded the offense.  *See Lopez v. Gonzales*, *supra*, at 633 (rejecting as implausible the Government's argument that "the law of the convicting jurisdiction [is] dispositive" of whether an offense is a "felony" within the meaning of 18 U.S.C. § 924(c)(2)); *see also Matter of Carachuri-Rosendo*, 24 I&N Dec. 382, 399 (BIA 2007) (Pauley, concurring) ("[T]he upshot of the approach adopted by the Court [in *Lopez*] is that the penalty assigned by the State to a drug offense is irrelevant; it is the *hypothetical Federal penalty* that could be applied that counts for 'drug trafficking crime' aggravated felony purposes.").  Accordingly, we conclude that a State drug offense that corresponds to a Federal felony qualifies as a "drug trafficking crime" aggravated felony under section 101(a)(43)(B) of the Act, even if the offense is classified as a misdemeanor under State law.  We now turn to the question whether such a correspondence exists in this case.

The Supreme Court has explained that "a state offense whose elements include the elements of a felony punishable under the CSA is an aggravated felony."  *Lopez v. Gonzales*, *supra*, at 631.  The elements of the respondent's Maryland offense were a "conspiracy" to "distribute" a "controlled dangerous substance," marijuana.  The distribution of controlled dangerous substances is prohibited by section 5-602 of the Maryland Criminal Law, while the offense of "conspiracy" is prohibited by the Maryland courts as a matter of State common law.  *See Acquah v. State*, 686 A.2d 690, 694 n.1 (Md. Ct. Spec. App. 1996).  The CSA likewise prohibits the "distribution" of controlled substances (including marijuana), 21 U.S.C. § 841(a)(1) (2000), and provides that "[a]ny person who . . . conspires to commit any [such] offense . . . shall be subject to

the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." 21 U.S.C. § 846 (2000). The Maryland Code and the CSA both define the term "distribution" to encompass transfers of controlled substances without remuneration. *Compare* Md. Code Ann., Crim. Law §§ 5-101(h), (l) (West 2007), *with* 21 U.S.C. §§ 802(8), (11) (2000). *See generally United States v. Washington*, 41 F.3d 917, 919 (4th Cir. 1994) (holding that "[s]haring drugs with another constitutes 'distribution' under [the CSA]"). And both Maryland law and the CSA define "conspiracy" to include any knowing agreement to commit a crime, even in the absence of any "overt act" in furtherance of the agreement. *Compare Hudson v. State*, 832 A.2d 834, 850 (Md. Ct. Spec. App. 2003), *with United States v. Shabani*, 513 U.S. 10, 13-16 (1994). Thus, we conclude that the elements of the respondent's Maryland offense correspond to the elements of the Federal offense of conspiracy to distribute marijuana, a crime that carries a maximum penalty of 5 years' imprisonment under the CSA, absent enhancements based on quantity or recidivism. 21 U.S.C. §§ 841(b)(1)(D), 846 (2000 & Supp. IV 2004).

The respondent argues that marijuana distribution under Maryland law does not correspond to a Federal felony because 21 U.S.C. § 841(b)(4) (2000) provides that an offender who distributes a "small amount of marihuana for no remuneration shall be treated" as if he committed simple possession, which is a Federal misdemeanor under 21 U.S.C. § 844(a) (2000).[2] According to the respondent, the DHS failed to meet its burden of proving his deportability because no evidence was provided to show that he was convicted of either

---

[2] The CSA does not define a "small amount," and the Federal courts of appeals have issued few precedent decisions clarifying the meaning of the phrase. *See, e.g.*, *United States v. Fort*, 248 F.3d 475, 483 (5th Cir. 2001) (concluding that 561.2 pounds of marijuana is not a "small amount"); *United States v. Salazar-Flores*, 238 F.3d 672, 674 n.1 (5th Cir. 2001) (concluding that 195 pounds of marijuana is not a "small amount"). The United States Court of Appeals for the Sixth Circuit has emphasized that 21 U.S.C. § 841(b)(4) was "designed to address the casual sharing of marijuana; behavior that is akin to mere possession rather than distribution." *Garcia-Echavarria v. United States*, 376 F.3d 507, 514 n.5 (6th Cir. 2004). In accordance with that understanding, the court held that although distribution of 8 ounces of marijuana in violation of Kentucky law was a "small-scale drug transaction," it did not qualify for misdemeanor treatment under 21 U.S.C. § 841(b)(4) because it represented "more than casual sharing." *Id*.

The Seventh Circuit has held that the term "small amount" has no absolute meaning and that the scope of the term depends not only on the weight of the marijuana distributed, but also on the context in which it is distributed. *United States v. Damerville*, 27 F.3d 254, 258-59 (7th Cir. 1994) (holding that conspiracy to distribute 17.2 grams of marijuana in prison could not be treated as a Federal misdemeanor because 17.2 grams was not a "small amount" in prison, even if it would be so considered when distributed in the general community).

distributing a large amount of marijuana or distributing marijuana for remuneration. In other words, the respondent argues that the proper Federal analogue for his State distribution offense is "misdemeanor marijuana distribution" under 21 U.S.C. § 841(b)(4), rather than "felony marijuana distribution" under 21 U.S.C. § 841(b)(1)(D). We reject the respondent's argument.

The present aggravated felony determination is subject to the "categorical approach," meaning that the "elements" of the respondent's predicate offense must correspond to the "elements" of an offense that carries a maximum term of imprisonment of more than 1 year under the CSA. *See Lopez v. Gonzales*, *supra*, at 631; *Matter of Carachuri-Rosendo*, *supra*, at 389. For purposes of categorical analysis, the "elements" of a Federal felony under the CSA are those facts that must be proved to a jury beyond a reasonable doubt in order to convict. *Shepard v. United States*, 544 U.S. 13, 24-26 (2005) (discussing the interplay between the categorical approach and the Sixth Amendment jury trial requirements announced in *Jones v. United States*, 526 U.S. 227 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

Under *Apprendi v. New Jersey*, *supra*, at 490, and its progeny, any aggravating fact (other than a prior conviction) that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Consequently, such facts may often need to be treated as the equivalent of offense "elements" for purposes of categorical analysis. *Matter of Martinez-Zapata*, 24 I&N Dec. 424, 425-26 (BIA 2007); *Matter of Carachuri-Rosendo*, *supra*, at 388-89. By contrast, mitigating facts that *decrease* the penalty below the statutory maximum need not be proved to a jury or treated as "elements" for any purpose. *Apprendi v. New Jersey*, *supra*, at 490 n.16 (noting that where a judge finds a fact which allows a defendant to "escape the statutory maximum" attached to a jury verdict, that finding by the judge "neither expos[es] the defendant to a deprivation of liberty greater than that authorized by the verdict according to statute, nor is the judge imposing upon the defendant a greater stigma than that accompanying the jury verdict alone"). Thus, because the categorical approach is concerned only with the facts that a jury must have decided beyond a reasonable doubt, it follows that the respondent's Maryland offense must correspond not to the Federal "offense" that carries the lowest *penalty* (since mitigating facts need not have been proved to a jury beyond a reasonable doubt), but rather to the offense that may be proved to a jury upon the fewest facts. *Cf. United States v. Hamlin*, 319 F.3d 666, 670-71 (4th Cir. 2003).

A Federal prosecutor seeking to convict a defendant of marijuana distribution under the CSA need not prove to a jury beyond a reasonable doubt that the quantity of marijuana distributed was not a small amount or that a

remunerative exchange occurred. On the contrary, according to the United States Court of Appeals for the Fourth Circuit, in whose jurisdiction this proceeding arises, "[21 U.S.C.] § 841(b)(1)(D) is the 'baseline' provision because it states a complete crime upon the fewest facts." *United States v. Hamlin*, *supra*, at 670 (holding that the statutory maximum penalty for a person convicted of distributing an indeterminate amount of marijuana is the 5-year term of imprisonment specified by 21 U.S.C. § 841(b)(1)(D), and not the shorter period called for by 21 U.S.C. § 841(b)(4) (citing *United States v. Bartholomew*, 310 F.3d 912, 925 (6th Cir. 2002), and *United States v. Outen*, 286 F.3d 622, 638 (2d Cir. 2002))); *see also United States v. Walker*, 302 F.3d 322, 324-25 (5th Cir. 2002).[3] Accordingly, 21 U.S.C. § 841(b)(4) does not define "elements" of the "offense" of "misdemeanor marijuana distribution," as the respondent argues; rather, it merely defines a "mitigating exception" to the otherwise applicable 5-year statutory maximum. *United States v. Hamlin*, *supra*, at 671. As with an affirmative defense, moreover, it is ultimately the defendant who bears the burden of proving the additional facts, i.e., the "smallness" of the amount of marijuana and the absence of remuneration, that trigger this mitigating exception. *Id.* (holding that "the possibility that the defendant can 'escape the statutory maximum' by showing that he distributed 'a small amount of marijuana for no remuneration' does not affect the five-year statutory maximum" (quoting *Apprendi v. New Jersey*, *supra*, at 490 n.16 and 21 U.S.C. § 841(b)(4))).

We conclude that facts that must be proved by the accused in order to support a reduced sentence do not constitute "elements" of an offense for purposes of categorical analysis.[4] Thus, the respondent's Maryland offense

---

[3] The First Circuit has likewise endorsed this approach, albeit in a different context. *United States v. Fazal-Ur-Raheman-Fazal*, 355 F.3d 40, 52-53 (1st Cir. 2004).

[4] The Third Circuit has arrived at a contrary conclusion in several precedent decisions, treating the presence of remuneration as if it were an "element" of an "offense" defined by 21 U.S.C. § 841(b)(4) that must be established categorically by the DHS. *Jeune v. Att'y Gen. of U.S.*, 476 F.3d 199, 205 (3d Cir. 2007); *Wilson v. Ashcroft*, 350 F.3d 377, 382 (3d Cir. 2003); *Steele v. Blackman*, 236 F.3d 130, 137 (3d Cir. 2001). As we have held in the past, we owe deference to the meaning of Federal criminal law as articulated in precedent decisions of the Supreme Court and the Federal circuit courts of appeals. *Matter of Carachuri-Rosendo*, *supra*, at 385 (citing *Matter of Yanez*, 23 I&N Dec. 390, 396-97 (BIA 2002)). Thus, these Third Circuit precedents are controlling in removal proceedings arising within the Third Circuit. However, we respectfully disagree with the Third Circuit's reasoning as it relates to marijuana distribution offenses, and we therefore decline to apply those precedents in removal proceedings arising outside the Third Circuit.

qualifies as a drug trafficking crime and, by extension, an aggravated felony, because its elements correspond to the elements of the Federal felony of conspiracy to distribute an indeterminate quantity of marijuana.[5]

## V.  CONCLUSION

In conclusion, we find that the respondent's Maryland offense of conspiracy to distribute marijuana is an aggravated felony under sections 101(a)(43)(B) and (U) of the Act, despite its classification as a "misdemeanor" under State law, because the elements of that State offense correspond to the elements of an offense that carries a maximum penalty of 5 years' imprisonment under the CSA. *Lopez v. Gonzales*, *supra*, at 633.  Accordingly, the respondent's appeal will be dismissed.

**ORDER:**  The appeal is dismissed.

---

[5]  The respondent, who pled guilty, made no effort during his proceedings before the Immigration Judge to prove that the quantity of marijuana in his offense was "small" or that his offense involved a conspiracy to distribute marijuana for no remuneration, beyond his mere assertion of such, nor does he request a remand for this purpose.  *See Garcia-Echavarria v. United States*, *supra*, at 513; *cf. United States v. Washington*, 17 F.3d 230, 232 (8th Cir. 1994) (stating that a defendant bears the initial burden to prove that a firearm is an "antique" so as to be exempted from the definition of a "firearm"); *Matter of P-F-*, 20 I&N Dec. 661, 663 n.2 (BIA 1993) (same).  *See generally Matter of Babaisakov*, 24 I&N Dec. 306 (BIA 2007).