# Matter of Wilmer Rodrigo CASTRO RODRIGUEZ, Respondent

*Decided February 14, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien convicted of possession of marijuana with intent to distribute under State law has the burden to show that the offense is not an aggravated felony because it involved a "small amount of marihuana for no remuneration" within the meaning of 21 U.S.C. § 841(b)(4) (2006), which the alien may establish by presenting evidence outside of the record of conviction. *Matter of Aruna*, 24 I&N Dec. 452 (BIA 2008), clarified.

FOR RESPONDENT: Nikolay Iordanov, Esquire, Falls Church, Virginia

FOR THE DEPARTMENT OF HOMELAND SECURITY: Adam L. Berg, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, MULLANE, and GUENDELSBERGER, Board Members.

PAULEY, Board Member:

In a decision dated on July 26, 2011, an Immigration Judge found the respondent removable as an alien convicted of a controlled substance violation under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2006), but not as an aggravated felon under section 237(a)(2)(A)(iii), and granted him cancellation of removal pursuant to section 240A(a) of the Act, 8 U.S.C. § 1229b(a) (2006). The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be dismissed in part and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Bolivia and lawful permanent resident of the United States. On October 10, 2010, he was convicted in the General District Court of Montgomery County, Virginia, of the misdemeanor offense of possession with the intent to give or distribute less than one-half ounce of marijuana in violation of section 18.2-248.1(a)(1) of the Virginia

Revised Statutes, for which he was fined and sentenced to 12 months of imprisonment, with 11 months suspended.[1]

Based on this conviction for a controlled substance violation, the Immigration Judge found that the respondent was removable under section 237(a)(2)(B)(i) of the Act. However, he held that the respondent's conviction was not for an aggravated felony under section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (2006), which includes within the aggravated felony definition "illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act)" ("CSA"). In this regard, the Immigration Judge noted that under *Matter of Aruna*, 24 I&N Dec. 452 (BIA 2008), if the respondent proved that his State law conviction for distribution of marijuana involved a "small" quantity of the drug and that he did not intend to distribute it for remuneration, the offense would not be an aggravated felony for immigration purposes because of the mitigating exception in 21 U.S.C. § 841(b)(4) (2006).[2]

The Immigration Judge found that the respondent was convicted of possession of less than one-half ounce of marijuana and that he credibly testified regarding his acquisition of the marijuana at a party for $100. Considering this evidence, the Immigration Judge determined that the respondent had shown that he was convicted of possessing a "small" amount of marijuana "for no remuneration," which would be a misdemeanor under the CSA. Finding that the respondent successfully demonstrated that his conviction was not for an aggravated felony, the Immigration Judge concluded

---

[1] The respondent was initially charged with a felony since the quantity of marijuana was more than one-half ounce but less than 5 pounds. However, because the charge was subsequently reduced to allege a quantity of less than one-half ounce, the conviction was for a misdemeanor offense.

[2] Under 21 U.S.C. § 841(b)(4), an offender who distributes a "small amount of marihuana for no remuneration" is treated as if he committed simple possession, which is a Federal misdemeanor under 21 U.S.C. § 844(a) (2006). *See Matter of Aruna*, 24 I&N Dec. at 455 & n.2, 457. On its face, the mitigating exception in 21 U.S.C. § 841(b)(4) appears to apply only to actual distribution offenses. However, the courts have implicitly treated the exception as applicable in the context of a conviction for possession with intent to distribute. *See Moncrieffe v. Holder*, 662 F.3d 387 (5th Cir. 2011); *United States v. Campbell*, 317 F.3d 597 (6th Cir. 2003); *United States v. Swann*, 155 F.3d 563 (4th Cir. 1998) (table); *United States v. Montgomery*, 262 F. App'x 80 (10th Cir. 2008). We agree because it appears to make little sense for Congress to provide a mitigating exception for the actual distribution of marijuana but not for the more inchoate offense of possession with intent to distribute that drug. In any event, because the DHS has not raised any argument, either below or on appeal, that the exception would not apply to the respondent's crime if he could show that the quantity was small and intended for no remuneration, we consider the argument waived. *See Matter of J-Y-C-*, 24 I&N Dec. 260, 261 n.1 (BIA 2007).

that he was not ineligible for cancellation of removal under section 240A(a)(3) of the Act. The Immigration Judge determined that the respondent was eligible for relief and granted his application in the exercise of discretion.

The DHS does not contest the Immigration Judge's determination as to discretion but argues that he misapplied *Matter of Aruna*, under which the respondent's offense should categorically qualify as a drug trafficking aggravated felony. Specifically, the DHS contends that (1) the Immigration Judge erred in considering evidence outside of the record of conviction in reaching his conclusion and (2) even assuming that such evidence was properly consulted, it did not show that the respondent possessed a small amount of marijuana for no remuneration.

## II. ISSUES

The question before us is whether an alien may present evidence outside of the record of conviction to show that a State law conviction for possession of marijuana with intent to distribute was not for an aggravated felony because the offense involved a "small" amount of the drug and the alien intended its distribution to be "for no remuneration" within the meaning of 21 U.S.C. § 841(b)(4). If, as we conclude, the answer is in the affirmative, we must further decide if the Immigration Judge correctly determined that the respondent has made this showing based on the facts of his case.

The first issue is a question of law, which we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2011). The second issue is more complicated with respect to the standard of review to be applied. We conclude that the determination whether the amount of marijuana is "small" is a mixed question of fact and law that we review de novo, but that the issue whether the alien possessed marijuana with the intent to give or distribute the drug for no remuneration is a question of fact that we review for clear error. 8 C.F.R. § 1003.1(d)(3)(i).

## III. ANALYSIS

Section 101(a)(43) of the Act defines the term "aggravated felony" to include a "drug trafficking crime" as defined in 18 U.S.C. § 924(c) (2006), "whether in violation of Federal or State law." In turn, 18 U.S.C. § 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." The United States Supreme Court has held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006). Thus, for a State drug offense to qualify as a "drug trafficking crime" and, by extension, an aggravated felony, it must correspond

to an offense that carries a maximum term of imprisonment exceeding 1 year under the CSA.  *Id*. at 56 & n.7.

In *Matter of Aruna*, we addressed the question whether the respondent's 2007 conviction for conspiracy to distribute marijuana in violation of Maryland law was for an offense that "proscribes conduct punishable as a felony" under the CSA within the meaning of *Lopez v. Gonzales*, 549 U.S. at 60, such that it may be considered a "drug trafficking crime" and, by extension, an "aggravated felony."  We held that absent controlling precedent to the contrary, a State law misdemeanor offense of conspiracy to distribute marijuana qualifies as an "aggravated felony" under section 101(a)(43)(B) of the Act where its elements correspond to the elements of the Federal felony offense of conspiracy to distribute an indeterminate quantity of marijuana, as defined by 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

The respondent in *Matter of Aruna* argued that marijuana distribution under Maryland law did not correspond to a Federal felony because 21 U.S.C. § 841(b)(4) provides that an offender who distributes a "small amount of marihuana for no remuneration" is to be treated as if he committed simple possession, which is a Federal misdemeanor under 21 U.S.C. § 844(a) (2000). In rejecting this argument, we noted that 21 U.S.C. § 841(b)(4) does not define "elements" of the "offense" of "misdemeanor marijuana distribution," as the respondent asserted.  Rather, it merely defines a "mitigating exception" to the otherwise applicable 5-year statutory maximum.  *See United States v. Hamlin*, 319 F.3d 666, 670-71 (4th Cir. 2003).

Moreover, as with an affirmative defense, it is ultimately the defendant who bears the burden of proving the additional facts that trigger this mitigating exception, namely, the "smallness" of the amount of marijuana and the absence of remuneration.  *Id*. at 671 (holding that "the possibility that the defendant can 'escape the statutory maximum' by showing that he distributed 'a small amount of marijuana for no remuneration' does not affect the five-year statutory maximum" (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 n.16 (2000), and 21 U.S.C. § 841(b)(4))).  Thus we concluded that facts that must be proved by the accused to support a reduced sentence do not constitute "elements" of an offense for purposes of the categorical analysis.  We therefore held that the respondent's Maryland offense qualified as a "drug trafficking crime" and, by extension, an aggravated felony, because its elements corresponded to the elements of the Federal felony of conspiracy to distribute an indeterminate quantity of marijuana.

As noted above, the facts that must be proved to determine that a defendant's amount of marijuana is "small" and involved distribution for no remuneration are not elements of the offense.  Therefore the categorical approach is not applicable to a determination of these facts.  Rather, such

an inquiry is of a "circumstance-specific" nature. *Nijhawan v. Holder*, 557 U.S. 29 (2009); *see also Matter of Babaisakov*, 24 I&N Dec. 306 (BIA 2007). Thus, we conclude, as did the Immigration Judge, that an alien in Immigration Court may offer the "affirmative defense" of "a small amount of marihuana for no remuneration" when the law of the convicting jurisdiction does not have a "mitigating exception" comparable to that in 21 U.S.C. § 841(b)(4). *See Matter of Aruna*, 24 I&N Dec. at 457-58. Accordingly, we answer the first question before us by rejecting the DHS's position and holding that the respondent may attempt to prove by any probative evidence, including evidence outside of the record of conviction such as police and laboratory reports, that he or she is not an aggravated felon under section 101(a)(43)(B) of the Act because the underlying drug trafficking offense involved a "small amount of marihuana for no remuneration."[3]

Further, in accord with the Immigration Judge and a majority of the courts of appeals that have considered the issue, we conclude that the respondent bears the burden to demonstrate by a preponderance of the evidence that he possessed a "small amount of marihuana for no remuneration" pursuant to 21 U.S.C. § 841(b)(4). *See Garcia-Echavarria v. United States*, 376 F.3d 507, 513-14 (6th Cir. 2004) (placing the burden on the defendant to show that 21 U.S.C. § 841(b)(4) applies); *Garcia v. Holder*, 638 F.3d 511, 516-17 (6th Cir. 2011); *Moncrieffe v. Holder*, 662 F.3d 387, 392 (5th Cir. 2011); *Julce v. Mukasey*, 530 F.3d 30, 35-36 (1st Cir. 2008) (noting that the question whether an alien can introduce evidence outside of the record of conviction to show that his conviction would fall within 21 U.S.C. § 841(b)(4) "is an issue the BIA may wish to address"); *see also Matter of Aruna*, 24 I&N Dec. at 458 n.5.[4] *See generally United States v. Eddy*, 523 F.3d 1268 (10th Cir. 2008) (holding that distribution of a small amount of marijuana for no remuneration is not a lesser included offense of distribution).

The Immigration Judge found that the respondent possessed less than 30 grams of marijuana, which he concluded was a "small amount" within the

---

[3] We did not squarely address this issue in *Matter of Aruna*, 24 I&N Dec. 452, since the alien in that case "made no effort" to establish the mitigating facts required to show that his conviction was for distribution of a "small" amount of marijuana "for no remuneration." *Id.* at 458 n.5.

[4] However, as the Immigration Judge correctly noted, the Second and Third Circuits have held to the contrary that the mitigating facts required to reduce a marijuana distribution offense from a felony to a misdemeanor under the CSA are in the nature of elements, so the Government bears the burden of establishing them pursuant to the categorical approach. *See Martinez v. Mukasey*, 551 F.3d 113 (2d Cir. 2008); *Jeune v. Att'y Gen. of U.S.*, 476 F.3d 199 (3d Cir. 2007).

meaning of 21 U.S.C. § 841(b)(4).[5]    In making his determination, the Immigration Judge relied on *Catwell v. Attorney General of the United States*, 623 F.3d 199, 209 (3d Cir. 2010), where the United States Court of Appeals for the Third Circuit noted that 30 grams was consistent with the personal use exemption for simple possession of marijuana found in section 237(a)(2)(B)(i) of the Act.[6]

We hold that the issue whether an amount of marijuana is "small" within the meaning of 21 U.S.C. § 841(b)(4) is a mixed question of fact and law that we review de novo.  As we observed in *Matter of Aruna*, 24 I&N Dec. at 455 n.2, the courts have concluded that no fixed quantity of marijuana may resolve in every case whether an amount is "small" because the determination may also depend on the context in which the drug was distributed.  For example, less than 30 grams may still not be deemed small if it was distributed in a setting, such as a prison, where possession of any controlled substance poses security concerns.  *See United States v. Damerville*, 27 F.3d 254, 258-59 (7th Cir. 1994) (finding that 17.2 grams of marijuana in a prison context was not a small amount); *see also Matter of Moncada*, 24 I&N Dec. 62 (BIA 2007).  Nevertheless, we agree with the Immigration Judge that 30 grams or less may, in general, serve as a useful guidepost in determining whether an amount is "small."

We now turn to the question whether the Immigration Judge properly determined that the respondent intended to give or distribute the marijuana he possessed for no remuneration.  This is a factual finding that we may review only for clear error.  The Immigration Judge properly found that when the respondent was arrested, he had in his car a lunch box containing not only the marijuana, but also ziplock bags and digital scales.  These circumstances are pertinent in assessing the respondent's purpose for acquiring the marijuana.

---

[5]  In this regard, the Immigration Judge acknowledged but did not consider that the Certificate of Analysis performed by the Department of Forensic Science in Virginia stated that the amount was 26.95 grams.  This is more than the amount of "less than one-half ounce" stated in the reduced misdemeanor charge of which the respondent was found guilty. Nevertheless, he was convicted only of possession of less than one-half ounce of marijuana.

[6] In discussing the legislative history of section 237(a)(2)(B)(i) of the Act, the Third Circuit stated the following in *Catwell v. Attorney General of the United States*, 623 F.3d at 209:

> The comments made during consideration of the amendment lead us to conclude that Congress contemplated and intended "small amount" to mean the amount of marijuana an individual would be likely to use on a single occasion, in a social setting.  In light of Senator Kennedy's remarks, that amount would be no more than one or two marijuana cigarettes, or a few grams of marijuana.

*See Davis v. Commonwealth*, 406 S.E.2d 922, 925 (Va. Ct. App. 1991) (stating that the presence of packaging materials is a factor that may support a conviction for possession with intent to distribute).

However, the Immigration Judge found that the respondent's credible testimony indicated that no remuneration "was involved." In this regard, the respondent testified that he had purchased the lunch box for $100 at a party a few days before he was stopped in his car by police for a broken windshield. The respondent further claimed that the seller gave him the lunch box containing the other items with the marijuana, implying that when he purchased the lunch box he did not know of their presence. The Immigration Judge found it significant that there was no evidence that the respondent had a large sum of money on his person at the time of his arrest, reasoning that while the presence of the ziplock bags and scale might support a finding that the respondent intended to distribute the marijuana, it did not show that he intended such distribution to be for remuneration.

However, the respondent bears the burden of proving a lack of intent to distribute the marijuana for remuneration. Although the respondent's conviction requires a finding of an intent to either distribute or give the marijuana to others, the record contains no clear indication whether the intended distribution was for remuneration or not. Tellingly, the respondent never was asked about, nor did he testify regarding, his intent to give or distribute the marijuana to others without payment.[7] The absence of any testimony or other evidence directly bearing on this question leads us to conclude that additional fact-finding is needed. We therefore find that the record should be remanded for this purpose. Accordingly, the DHS's appeal will be dismissed in part and the record will be remanded for further proceedings.

**ORDER:** The appeal of the Department of Homeland Security is dismissed in part.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with this opinion and for the entry of a new decision.

---

[7] The Virginia statute of conviction and the charging document in the respondent's case include the alternative terms possession with intent to "give" or "distribute" marijuana. To the extent that the term "give" would imply an intent to seek no remuneration, we conclude that the respondent failed to meet his burden to show that he was convicted of intending to "give" rather than "distribute" the marijuana.