**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1808
_____

LEON HUGH GAVASKAR MATTIE,
Petitioner,

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. (A043-216-217)
Immigration Judge: Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2014

Before:  FISHER, VANASKIE and GARTH, Circuit Judges

(Opinion filed: September 29, 2014 )
_____

OPINION
_____


PER CURIAM

Petitioner Leon Hugh Gavaskar Mattie ("Mattie") petitions for review of the

Board of Immigration Appeals' final order of removal.  For the reasons that follow, we

will deny the petition for review.

Mattie, a Jamaican and lawful permanent resident of the United States, was

convicted following a guilty plea in the New Jersey Superior Court of manufacturing,

distributing, or possessing with intent to distribute "one ounce [28.35 grams] or more but less than five pounds" of marijuana, in violation of N.J. Stat. Ann. §§ 2C:35-5(a) and 2C:35-(5)(b)(11). He was sentenced to a term of imprisonment of 3 years. A Notice to Appear for removal proceedings was issued and, ultimately, Mattie conceded that he was removable under Immigration & Nationality Act ("INA") § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who after admission was convicted of an offense relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

Mattie, represented by Legal Services of New Jersey, applied for cancellation of removal, INA § 240A(a)(3), 8 U.S.C. § 1229b(a)(3), contending that possession with intent to distribute marijuana was not an aggravated felony that rendered him statutorily ineligible, and that he merited, as a matter of discretion, relief from removal. The Government submitted Mattie's conviction records, which included the judgment of conviction, the indictment, an evidence receipt, a lab report, the guilty plea and sentencing transcripts, the presentence report, an intake form, and a signed guilty plea form. At his merits hearing, among other things, Mattie acknowledged that the amount of marijuana seized from the apartment was 63.73 grams, but he testified that only a small amount of it – 3-5 "nickel bags" – belonged to him for his personal use; the rest belonged to others in the apartment, specifically the co-defendants. He testified that he was sure that the amount of marijuana that actually belonged to him was less than 30 grams.

The Immigration Judge denied relief, concluding that Mattie had not shown by a preponderance of the evidence that he was statutorily eligible for cancellation of removal.

Addressing the essential question whether Mattie had met his burden of proving by a preponderance of the evidence that he had not been convicted of a disqualifying aggravated felony, the IJ reasoned that he would have to show that his conviction under § 2C:35-5b(11) involved a "small amount of marijuana for no remuneration," see 21 U.S.C. § 841(b)(4) (exception for person who violates subsection § 841(a)(1) by distributing a "small amount" of marijuana for no remuneration, and treating that person as provided for in 21 U.S.C. § 844). In endeavoring to meet his burden of proof, he was entitled to present evidence outside of the record of conviction pursuant to Matter of Castro Rodriguez, 25 I. & N. Dec. 698 (BIA 2012). Moreover, the guiding standard for what constitutes a small amount would be 30 grams or less of marijuana, see id. at 703.

The IJ then found that Mattie had pleaded guilty to possessing at least one ounce of marijuana, or 28.35 grams, and that the evidence of record established that the amount of the seized marijuana actually was 63.73 grams. The IJ found that 63.73 grams of marijuana is not a "small amount" within the meaning of the law. The IJ was not persuaded by Mattie's testimony that he was in possession of no more than 30 grams of marijuana with no intent to sell it, noting that his testimony that he possessed only 3-5 "nickel bags," which he estimated would weigh less than a gram each, was actually contrary to his guilty plea to possessing at least an ounce, or 28.35 grams of marijuana. Moreover, Mattie did not present any other evidence to corroborate his claim that only a part of the 63 grams was attributable to him. After lodging an appeal with the Board of Immigration Appeals, Mattie, through his counsel, filed a motion to remand based on Moncrieffe v. Holder, 133 S. Ct. 1678 (U.S. 2013), which the Board granted, noting that Moncrieffe rejected the procedures set forth in Matter of Castro-Rodriguez.

3

On remand, Mattie argued, again through counsel, that possession with intent to distribute at least one ounce of marijuana was not categorically an aggravated felony, because § 2C:35-5(b)(11) would allow the conviction of one who had distributed as little as five grams of marijuana for no remuneration. A.R. 148. Mattie argued that consideration by the agency of the evidence regarding the actual conduct relating to his conviction was prohibited by Moncrieffe.

The IJ held oral argument on September 19, 2013, after which Mattie's application for cancellation of removal again was denied. The IJ again held that Mattie had the burden of proof to show that possession with intent to deliver was not categorically an aggravated felony, citing with approval Young v. Holder, 697 F.3d 976 (9th Cir. 2012), Salem v. Holder, 647 F.3d 111, 115 (4th Cir. 2011), and Garcia v. Holder, 584 F.3d 1288, 1289-90 (10th Cir. 2009). However, under Moncrieffe, Mattie need only show that the least culpable conduct to support a conviction under § 2C:35-5b(11) would not qualify as an aggravated felony. Moreover, a single conviction for distributing a small amount of marijuana for no remuneration would be deemed a simple possession offense subject to the provisions of 21 U.S.C. § 844, and would, therefore, be a misdemeanor, not a felony, under federal law. See Moncrieffe, 133 S. Ct. at 1693-94. Applying Moncrieffe, the IJ found that Mattie had pleaded guilty to, and was convicted of, possession with intent to distribute at least one ounce, or 28.35 grams, of marijuana. Although 30 grams is a "useful guidepost" for what constitutes a small amount of marijuana, the Supreme Court in Moncrieffe expressly declined to decide this issue. The IJ turned to our decision in Catwell v. Att'y Gen. of U.S., 623 F.3d 199 (3d Cir. 2010), where we suggested that a "small amount" of marijuana is the amount that one person would use on one occasion in

4

a social setting, and is thus much less than 30 grams. The IJ noted that Moncrieffe involved 2-3 marijuana cigarettes, and reasoned that the 28.35 grams called for in § 2C:35-5b(11) could not be a "small amount" because it equaled, under the "calculus" used in Catwell, at least 55 marijuana cigarettes. The IJ again ordered that Mattie be removed to Jamaica.

Still represented by Legal Services of New Jersey, Mattie again appealed to the Board, contending that N.J. Stat. Ann. § 2C:35-5b(11), like the Georgia statute addressed in Moncrieffe, proscribes conduct punishable only as a misdemeanor, and therefore Mattie was statutorily eligible for cancellation of removal. Mattie argued that, as in Moncrieffe, the aggravated felony inquiry relating to a marijuana distribution statute can only include the necessary elements for a conviction under the state statute, and not the actual conduct or facts of an applicant's particular conviction.

On March 13, 2014, the Board dismissed the appeal. The Board held that Mattie's offense categorically qualified as an aggravated felony, even under Moncrieffe. The Board explained that Moncrieffe involved the transfer of a small amount of marijuana for no remuneration, but to be convicted under N.J. Stat. Ann. § 2C:35-5(b)(11), Mattie was required to have in his possession, with an intent to distribute, "one ounce or more but less than five pounds," id. Mattie's argument that § 2C:35-5(b)(11) would allow the conviction of one who had distributed as little as five grams of marijuana was plainly wrong, because, to be convicted under the state statute, one would have to have in his possession, with an intent to distribute, at least one ounce, or 28.25 grams; 5 grams would not result in a conviction. The Board cited Catwell, 623 F.3d at 209, and noted that, in reviewing the legislative history of the Controlled Substances Act ("CSA"), we had

5

observed that the exception in § 841(b)(4) applies to social sharing situations involving no more than a few grams of marijuana. The Board stated that, although 30 grams or less of marijuana is sometimes a "useful guidepost" for what constitutes a small amount of marijuana, this guidepost should not apply to a situation like Mattie's involving possession with intent to distribute between one ounce and 5 pounds of marijuana.

Mattie has appealed the Board's decision pro se. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) (review of constitutional claims or questions of law not precluded); Pierre v. Att'y Gen. of U.S., 528 F.3d 180, 184 (3d Cir. 2008). On June 19, 2014, we granted Mattie's motion for a stay of removal and advised him that we would entertain a request for appointment of his Legal Services of New Jersey counsel. Mattie has not asked us to appoint him counsel. In his pro se brief, he argues that he has met his burden to show that he has not been convicted of an aggravated felony, and relies on Moncrieffe and Wilson v. Ashcroft, 350 F.3d 377 (3d Cir. 2003), where we held that N.J. Stat. Ann. § 2C:35-5(b)(11), does not contain sale for remuneration as an element.

We will deny the petition for review. Where, as here, the Board agrees with the IJ's analysis and adds analysis of its own, we review the decisions of both the Board and the IJ. See Sandie v. Att'y Gen. of U.S., 562 F.3d 246, 250 (3d Cir. 2009). In order to be eligible for cancellation of removal under 8 U.S.C.§1229b(a), the applicant must establish that he "(1) has been lawfully admitted for permanent residence for not less than five years, (2) has resided in the United States continuously for seven years after having been admitted in any status, and (3) has not been convicted of an aggravated felony." 8 U.S.C. § 1229a(1)-(3). "An alien bears the burden of establishing his eligibility for discretionary cancellation of removal." Jean-Louis v. Att'y Gen. of U.S., 582 F.3d 462,

464 n.2 (3d Cir. 2009). See also 8 U.S.C. § 1229a(c)(4)(A)(i); 8 C.F.R. § 1240.8 ("The respondent shall have the burden of establishing that he or she is eligible for any requested benefit or privilege…"). "If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d).

The New Jersey statute at issue here provides that "it shall be unlawful for any person knowingly or purposely: (1) To manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog." N.J. Stat. Ann. § 2C:35-5(a)(1). Any person who violates subsection (a) with respect to: (11) Marijuana in a quantity of one ounce or more but less than five pounds . . . is guilty of a crime of the third degree." See id. at § 2C:35-5(b)(11). Because Mattie was seeking discretionary relief, he had the burden of proving that he had not been convicted of a disqualifying aggravated felony. Mattie was required to prove by a preponderance of the evidence that his § 2C:35-5(b)(11) conviction under state law is not an aggravated felony under the INA.

In his pro se brief on appeal, Mattie has cited our decision in Wilson, 350 F.3d at 381-82, where we held that § 2C:35-5(b)(11) does not contain sale for remuneration as an element of the offense, arguing that it is dispositive of the only issue presented by his petition for review. In Wilson, we held that the alien's § 2C:35-5(b)(11) conviction was not analogous to a conviction under 21 U.S.C. § 841(a)(1) because § 841(b)(4) provided an exception for a person who violates § 841(a) by distributing a small amount of marijuana for no remuneration, see id. at 381. We did not decide the "small amount"

issue, however, and we remanded the matter for a determination whether the state court conviction was an aggravated felony under the INA because it was a drug trafficking crime, see id. at 382. Wilson thus does not resolve the issue presented by this petition for review.

We agree with the agency that Mattie failed to meet his burden of proof to show that he has not been convicted of an aggravated felony, as required for cancellation of removal, 8 U.S.C. § 1229a(3). A state offense constitutes a felony punishable under the Controlled Substances Act ("CSA"), and thus is an aggravated felony under the INA, only if it proscribes conduct punishable as a felony under the CSA. The CSA makes it a felony to knowingly or intentionally "manufacture, distribute, or dispense," any amount of marijuana, except that "distributing a small amount of marijuana for no remuneration" is treated as a misdemeanor as provided in 21 U.S.C. § 841(a)(1), (b)(4). "A state marijuana conviction is therefore only [categorically] equivalent to a federal drug felony if the offense involved payment or more than a small amount of marijuana." Evanson v. Att'y Gen. of U.S., 550 F.3d 284, 289 (3d Cir. 2008). In Moncrieffe, the Government bore the burden of proof to show that the alien was removable as charged, and argued that the alien's Georgia possession with intent to distribute marijuana conviction, involving 1.3 grams of marijuana found in his car by the police, was an aggravated felony because possession of marijuana with intent to distribute is a CSA offense, 21 U.S.C. § 841(a), punishable by up to five years' imprisonment under § 841(b)(1)(D). The Fifth Circuit Court of Appeals agreed, rejecting Moncrieffe's reliance on § 841(b)(4).

The Supreme Court granted certiorari and addressed whether the INA's definition of aggravated felony encompassed "a state criminal statute that extends to the social

8

sharing of a small amount of marijuana." Moncrieffe, 133 S. Ct. at 1682. The Court discussed the penalty provisions -- § 841(b)(1)(D) and § 841(b)(4) – and stated: "These dovetailing provisions create two mutually exclusive categories of punishment for CSA marijuana distribution offenses: one a felony, and one not. The only way to know whether a marijuana distribution offense is 'punishable as a felony' under the CSA, is to know whether the conditions described in paragraph (4) are present or absent." 133 S. Ct. at 1686 (footnote and citation omitted). Moncrieffe's conviction standing alone did not reveal either whether remuneration or more than a small amount of marijuana was involved, and thus the conviction could have corresponded to either a felony or a misdemeanor offense under the CSA. The ambiguity on this point meant that the conviction did not necessarily involve facts that corresponded to an offense punishable as a felony under the CSA, see id. at 1687, and, therefore, the Government failed to prove that Moncrieffe was removable as charged.

Applying Moncrieffe, we note that the statute at issue here, N.J. Stat. Ann. § 2C:35-5(b)(11), even if it does not require sale for remuneration, specifically references the smallest amount of marijuana required for a conviction, one ounce or 28.35 grams. Mattie's conviction, standing alone, thus reveals the amount of marijuana involved. Because § 2C:35-5(b)(11) contains as an element of the offense a specific amount of marijuana, Mattie must show that the minimum amount specified by the statute, one ounce, or 28.35 grams, is a "small amount" of marijuana under the CSA. The Supreme Court left open in Moncrieffe the meaning of "small amount," noting that the CSA does not define the term. 133 S. Ct. at 1686 n.7. To answer the question that Moncrieffe left open, the Board properly turned to our decision in Catwell, 623 F.3d 199. Catwell holds

9

that 120.9 grams is not a "small amount" of marijuana for purposes of 21 U.S.C. § 841(b)(4), but we also noted in <u>Catwell</u> this bit of CSA legislative history: "The comments made during consideration of the amendment lead us to conclude that Congress contemplated and intended 'small amount' to mean the amount of marijuana an individual would be likely to use on a single occasion, in a social setting. [T]hat amount would be no more than one or two marijuana cigarettes, or a few grams of marijuana." 623 F.3d at 209. We noted that, under the federal sentencing Guidelines, one marijuana cigarette is equivalent to .5 grams, <u>see</u> <u>id.</u> (citing U.S.S.G. § 2D1.1).

Since 28.35 grams of marijuana is quite a bit more than "a few grams of marijuana," it certainly appears that § 2C:35-5(b)(11), although it does not include sale for remuneration as an element of the proscribed conduct, <u>Wilson</u>, 350 F.3d at 381-82, involves more than a "small amount" of marijuana, <u>see</u> <u>Evanson</u>, 550 F.3d at 289 ("A state marijuana conviction is therefore only [categorically] equivalent to a federal drug felony if the offense involved payment or more than a small amount of marijuana."). Accordingly, we seriously doubt that Mattie has met his burden of proof to show that he has not been convicted of an aggravated felony and thus is statutorily eligible for cancellation of removal.

We acknowledge that one ounce or 28.35 grams, <u>see</u> § 2C:35-5(b)(11), is less than the Board's "useful guidepost" of 30 grams, and that there is thus room for debating whether 28.35 grams is a "small amount" of marijuana, <u>see, e.g.</u>, 8 U.S.C. § 1227(a)(2)(B)(i) (providing for an exemption from removal for controlled substance offender aliens who have possessed "*for one's own use* … 30 grams or less of marijuana.") (emphasis added). <u>See also</u> 8 U.S.C. § 1182(h) (Attorney General may

waive inadmissibility where conviction is "a single offense of simple possession of 30 grams or less of marijuana"). But we recently joined other federal appeals courts in holding that an "inconclusive record is insufficient to satisfy a noncitizen's burden of proving eligibility for discretionary relief." Syblis v. Att'y Gen. of U.S., --- F.3d ---, 2014 WL 4056557, at *5 (3d Cir. August 18, 2014). In doing so, we cited with approval the very cases cited by the IJ, Young, 697 F.3d 976, Salem, 647 F.3d 111, and Garcia, 584 F.3d 1288. In Syblis, the noncitizen applicant had a conviction for possession of drug paraphernalia under Va. Code Ann. § 54.1–3466, and argued that Va. Code Ann. § 54.1–3466 does not relate to controlled substances under 8 U.S.C. § 1182(a)(2)(A)(i)(II), and thus he was eligible for a waiver of inadmissibility under § 1182(h). Because we resolved this issue in favor of the Government, see id. at *5, the noncitizen applicant then argued that the substance involved in his conviction was not defined by federal law. The record, however, was inconclusive with respect to the specific substance involved. We held that the "burden-shifting scheme associated with removal proceedings" would determine the outcome, id. at *5, and, because the record was inconclusive, the noncitizen applicant could not prevail.

Although Syblis involved a purely factual issue concerning the specific substance involved and an inadequate record of conviction, its reasoning applies here. Because Mattie was convicted of possession with intent to deliver at least one ounce of marijuana, he had to prove that one ounce, or 28.35 grams, is a "small amount" of marijuana under the CSA, 21 U.S.C. § 841(a)(1) and (b)(4), in order to establish that he has not been convicted of an aggravated felony. The agency decided that issue adversely to him, concluding that a "small amount" under the CSA is the amount usually involved in social

11

sharing, i.e., "no more than a few grams." See Catwell, 623 F.3d at 208-09 (reviewing legislative history of 21 U.S.C. § 841(b)(4)).  Mattie has contended in his pro se brief that 28 grams is a small amount under our decision in Wilson, but we have rejected that argument because Wilson did not address or decide the small amount issue.  Moreover, we cannot conclude that one ounce, or 28.35 grams, of marijuana is a "small amount" under the CSA simply because 30 grams is the Board's "useful guidepost."  More is required here.[1]  We note that Mattie's counsel argued before the agency that possession with intent to distribute at least one ounce of marijuana was not categorically an aggravated felony because § 2C:35-5(b)(11) would allow the conviction of one who had distributed as little as five grams of marijuana for no remuneration.  A.R. 148.  We agree with the Board that this is flatly incorrect.  To be convicted under § 2C:35-5(b)(11), one is required to have in his possession, with an intent to distribute, at least one ounce, or 28.25 grams; 5 grams would not result in a conviction.  We thus conclude that Mattie did not carry his burden of demonstrating that he has not been convicted of an aggravated felony, and we will uphold the agency's determination that he is statutorily ineligible for cancellation of removal.[2]

For the foregoing reasons, we will deny the petition for review.

---

[1] One ounce is not even the smallest amount that the statute criminalizes.  Under N.J. Stat. Ann. § 2C:35-5(b)(12), it is a crime of the fourth degree to possess, with intent to distribute, "[m]arijuana in a quantity of less than one ounce."

[2] There was a statement by Mattie's counsel in the appeal brief before the Board that Mattie was granted post-conviction relief in the New Jersey Superior Court.  The Government is "informed that Mattie has filed a motion to reopen and/or reconsider with the [Board], which remains pending."  See Appellee's Brief, at 15 n.4.  Our decision denying the instant petition for review is without prejudice to any relief the Board may fashion for Mattie as a result of any new developments in the New Jersey Superior Court relating to the validity of the conviction at issue here.